**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TIMOTHY GRAY** | **CIVIL ACTION** |
| **VERSUS** | |
| **CRAIG WHITE ET AL.** | **NO.: 16-00689-BAJ-EWD** |

## RULING AND ORDER

Before the Court is the **Motion for Summary Judgment (Doc. 64)**, filed by Defendants. Plaintiff filed a Memorandum in Opposition (Doc. 65). For the reasons stated herein, the **Motion for Summary Judgment (Doc. 64)**, is **GRANTED.**

## I. BACKGROUND

On March 20, 2016, Plaintiff was a Louisiana Department of Corrections inmate housed at the Elayn Hunt Correctional Center ("Elayn Hunt"). Plaintiff alleges that at approximately 8:00 A.M., Defendant Captain John Wells ("Wells") came to Plaintiff's cell and began calling him derogatory names. (Doc. 26 at pp. 3-4). Defendants dispute this and further allege that Wells entered Plaintiff's cell with the purpose of conducting a targeted search. (Doc. 64-4 at p. 2). During the search, Wells allegedly discovered synthetic marijuana. (*Id.*). At this point, Defendant Major Craig White ("White") was also called into the cell. (Doc. 64-4 at p. 4). Plaintiff appeared to be intoxicated, allegedly displaying slurred speech and difficulty holding himself upright. (*Id.*). Plaintiff also allegedly vomited while White was speaking with him. (*Id.* at p. 4). Plaintiff asserts that Wells attacked him without provocation while they were in the cell. The officers then transported Plaintiff to the showers, during which

Plaintiff also alleges Wells assaulted him. (Doc. 26 at p. 4). The beating in the cell and during transport are the first basis of Plaintiff's excessive force claim. (Doc. 26 at p. 4).

Defendants allege that while in the shower, Plaintiff refused repeated direct verbal orders to come to the shower bars to be searched. (Doc. 64-4 at p. 4). Plaintiff, in contrast, asserts that he complied with all orders. (Doc. 26 at p. 4). Defendants claim that White gave Plaintiff a final warning and then sprayed him with a chemical agent to force him to comply. (Doc. 64-4 at p. 5). The use of the chemical agent is the second basis for Plaintiff's excessive force claim.

Defendants assert that Plaintiff continued to disobey their orders and that he started hitting his head against the floor and walls. (*Id.*). Defendants and other prison officials then conducted an emergency extraction from the shower cell. (*Id.*). The extraction team included Wells and White, as well as Defendants Lieutenant Michelle Sullivan ("Sullivan") and Lieutenant Lindell Slater ("Slater"). (*Id.*). During the extraction, Plaintiff allegedly began kicking his feet, swinging his arms, and spitting. (*Id.*). Ultimately, the officials gained control and placed Plaintiff in a jumpsuit, restraints, and a spit mask. (*Id.*). Plaintiff was then transported to the Assessment and Triage Unit (ATU), during which Plaintiff alleges he was also beaten. (Doc. 26 at p. 5). This appears to be the third basis for Plaintiff's excessive force claim.

Plaintiff was then medically assessed by an EMT and transported to Our Lady of the Lake Hospital for additional assessment and treatment for possible injuries. (Doc. 64-4 at p. 5). Plaintiff alleges that the excessive force used by Defendants caused

him ankle and wrist lacerations, a blackened eye, a fractured nose, and a bruised kidney. (Doc. 26 at pg. 5).

On March 28, 2016, Plaintiff pled guilty to being intoxicated in his cell. (Doc. 64-2 at p. 1). The disciplinary board also found Plaintiff guilty of three counts of "Defiance", four counts of "Aggravated Disobedience", and one count of "Property Destruction." (*Id.*). On April 1, 2016, Plaintiff was found guilty by the Prison Disciplinary Board of possessing contraband in his cell. (*Id.*). Because of these charges, Plaintiff was issued multiple disciplinary sanctions including loss of phone and canteen privileges, ten days in isolation, and the forfeiture of 90 days of good time credit. (Doc. 64-1 at p. 2).

On March 24, 2017, Plaintiff filed a complaint seeking damages pursuant to 42 U.S.C. § 1983 for violations of Defendant's Eighth and Fourteenth Amendment rights to be free from excessive force. (Doc. 26). On October 10, 2018, Defendants filed a Motion for Summary Judgment (Doc. 64). Plaintiff filed a Response (Doc. 65).

## II. LEGAL STANDARD

Pursuant to Rule 56, "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School Dist*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will be appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

## III. DISCUSSION

### A. *Heck v. Humphrey*

Defendants argue that the Supreme Court's decision in *Heck v. Humphrey* bars Plaintiff's excessive force claims based on the alleged beating in and during transport from the cell, and the use of chemical agent in the showers. The Court agrees.

*Heck* held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Heck*, 512 U.S. at 487; *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (citing *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994)). The United States Court of Appeals for the Fifth Circuit has a stated that "a conviction" includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good time credit. *Clarke v. Stalder,* 154 F.3d 186, 189 (5th Cir. 1998) (citing *Edwards v. Balisok*, 520 U.S. 641, 644 (1997). A prisoner cannot bring an excessive force claim for an altercation that resulted in a loss of good time credit, unless he shows that the disciplinary conviction has been set aside. *E.g.*, *Hadnot v. Butler*, 332 Fed. Appx. 206, 206 (5th Cir. 2009).

Plaintiff argues that *Heck* does not bar an excessive force claim where an inmate does not challenge the disciplinary sanctions resulting from the incident. (Doc. 65 at p. 1). While Plaintiff's brief contains case law purportedly supporting this

assertion, the Court finds it to be unpersuasive. Plaintiff's cited legal authority only indicates that an inmate can bring an excessive force claim arising out of an incident which resulted in prison sanctions that did not include a loss of good time credit. *Causey v. Poret*, No. 07-238-FJP-SCR, 2007 WL 2701969, at *4 (M.D. La. Aug. 23, 2007). Additionally, the law is clear that an inmate cannot bring an excessive force claim if he directly challenges a loss of good time credit. *E.g.*, *Langley v. Bowman*, No. cv 16-1607, 2016 WL 6441288 (E.D. La. Nov. 1, 2016) (holding that an inmate could not assert a due process claim with respect to disciplinary charges that resulted in a loss of good time credit). However, contrary to Plaintiff's assertion, the Fifth Circuit has construed *Heck* even more broadly, repeatedly prohibiting claims stemming from incidents which resulted in a loss of good time credit, even if the inmate did not directly challenge the loss. *E.g.*, *Hadnot*, 332 Fed. Appx. at 206 (affirming dismissal of inmate's §1983 excessive force claim where inmate failed to show that the disciplinary conviction stemming from the same incident was overturned, even though inmate did not attack the conviction itself).

In the instant case, Plaintiff's claims of excessive force stem in part from the alleged beating in his cell and during transport to the showers as well as the use of chemical agent in the shower. These incidents also resulted in disciplinary convictions and a subsequent 90 day loss of good time credit. Plaintiff contends that he did nothing to provoke the alleged beatings or use of a chemical agent. (Doc. 26 at p. 4). However, evaluating Plaintiff's claims of excessive force would require the Court to evaluate the need for the force used. This includes reconsideration of the

disciplinary board's findings that Plaintiff was intoxicated and that he engaged in aggravated disobedience, defiance, and property destruction. As such, Plaintiff's success on his §1983 claims would call into question the validity of these convictions. *E.g.*, *Pellegrin v. Seal*, No. 16-6335, 2016 WL 6892809, at * 3 (E.D. La. Nov. 7, 2016). Moreover, Plaintiff has not proven that these disciplinary convictions have been set aside or otherwise invalidated. Thus, even taking the facts in a light most favorable to Plaintiff by assuming that Plaintiff's allegations are true, Plaintiff cannot recover damages. Accordingly, there are no remaining disputes of material fact, and Plaintiff's excessive force claims stemming from the alleged beating in the cell and during transport to the showers as well as the use of chemical agents in the shower are dismissed.

**B. Prison Litigation Reform Act**

Defendant asserts that the Prison Litigation Reform Act (PLRA) bars Plaintiff from seeking §1983 relief based on the alleged beating he received during transport from the showers to the ATU because he failed to allege this in his initial administrative complaint. (Doc. 64-1 at p. 7). The Court agrees. Under the PLRA, an inmate cannot bring a §1983 claim with respect to prison conditions until all available administrative remedies have been exhausted. 42 U.S.C. 1997e(a). *See also Johnson v. Johnson*, 385 F.3d 503, 518 (5th Cir. 2004) (holding that inmate's failure to assert racial discrimination in his administrative grievance precluded him from bringing a §1983 claim based on racial discrimination). Defendant's initial administrative complaint alleged that Defendants beat him in his cell and sprayed him with chemical

agent in the showers. (Doc. 64-6 at p. 23). He did not allege that he was beaten after he was restrained and transported from the showers to the ATU. *Id.* As such, Plaintiff is barred from bringing an excessive force claim based on this allegation.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Summary Judgment (Doc. 64)**, is **GRANTED.**

Baton Rouge, Louisiana, this 9th day of November, 2018.

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**